UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE LANNING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1467 CDP |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

Petitioner George R. Lanning is incarcerated at Southeast Correctional Center in Charleston, Missouri.[1] Lanning was convicted by a jury in the Circuit Court of St. Charles County, Missouri, of one count of first degree statutory sodomy and four counts of first degree child molestation. The court sentenced him to life plus a consecutive term of sixty years of imprisonment.

This matter is before the Court on Lanning's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lanning raises seven grounds for relief. Five of those grounds are procedurally defaulted, and the other two grounds fail on the merits. Therefore I will deny his habeas petition.

## *I. Factual Background*

---

[1] At the time he filed his petition, Lanning was incarcerated at the Potosi Correctional Center in Mineral Point, Missouri.

On August 8, 2005, George Lanning picked up his then nine-year-old granddaughter, A.L., to spend the night, which she did frequently. Later that evening A.L.'s mother, Windy Lanning, brought over her daughter's medication that had been left at home. At the time Windy arrived, Lanning was intoxicated. A.L. was upstairs crying in Lanning's bed and said she wanted to go home. When they went downstairs, A.L. told Windy that Lanning touches her. Windy took her daughter home and brought her to a hospital for examination three days later.

A.L. disclosed to investigators that on several occurrences between March 1, 2005 and August 8, 2005 Lanning touched her genitals and anus with his hands and penis, touched her chest with his hand and tongue, and had A.L. touch his penis with her hand. In a search of Lanning's home, investigators found the clothes A.L. had worn to Lanning's on August 8th, several bottles of baby oil, Vaseline, lubricating jelly, a box of condoms, a pornographic movie, and a pornographic book with a picture of the victim stuck in it like a bookmark. Lanning's bed sheets contained Lanning's semen stains and unknown fecal stains. The victim showed no signs of genital trauma, but did have bruising on her arm.

## II. Procedural Background

Lanning was charged on all counts. Before trial, the State offered Lanning a 15-year sentence if he pled guilty. Lanning rejected the plea offer and went to trial. After his conviction by a jury, Lanning was sentenced to life imprisonment

for the statutory sodomy count and fifteen-year imprisonment terms for each of the four counts of first degree child molestation, all to be served consecutively.

Lanning appealed his conviction to the Missouri Court of Appeals, arguing that the trial court erred and abused its discretion in admitting the affidavit of Windy's drug test, the trial court abused its discretion in denying him access to hotline reports, and the court made errors in the jury instructions. The Court of Appeals affirmed Lanning's convictions. *State v. Lanning*, No. ED88586, 238 S.W.3d 737 (Mo. App. E.D. November 13, 2007) (unreported opinion, Resp. Exh. G).

Lanning then filed a pro se motion for post-conviction relief under Missouri Supreme Court Rule 29.15. Appointed counsel filed an amended motion on August 31, 2009. Lanning claimed that his trial counsel was ineffective for failing (1) to impeach Windy's testimony relating to why she submitted to a drug test and delayed transporting the victim to a hospital for three days after learning of the sexual abuse, (2) to object to the Movant's leg restraint in the courtroom, (3) to object to the courtroom's being arranged so that he could not see the witnesses testifying against him, and (4) to call Deputy Eric Schlueter to testify that Windy Lanning frequently made false allegations and was a heavy drug user. The motion court reviewed Lanning's amended motion on the merits and denied relief without a hearing in an Order dated November 24, 2009. (Resp. Exh. I, p. 53-63).

Lanning appealed the denial of his motion for post-conviction relief to the Missouri Court of Appeals. Lanning asserted that the court erred in denying the motion without an evidentiary hearing because he alleged facts not conclusively refuted by the record, which, if proven, showed his trial counsel was ineffective. The Court of Appeals affirmed the denial of post-conviction relief, finding the claims of error without merit. (Resp. Exh. M).

### *III. Grounds Raised*

Lanning now seeks federal habeas corpus relief. He asserts the following grounds:

(1) He is actually innocent of the crimes he was charged with;

(2) His right to due process was violated when the trial court failed to sua sponte declare a mistrial when it discovered that the jury did not hear the victim's testimony during trial and failed to give the jury a transcript of the victim's recorded statements during deliberations;

(3) His right to due process was violated when the trial court stated to the jury during voir dire: "After all that little girl has been through, if it makes her more comfortable by holding a bunny rabbit on her lap during her testimony... it's ok";

(4) He received ineffective assistance of trial counsel because counsel failed:

a) to investigate Windy Lanning's history of drug use and failed to properly impeach her trial testimony regarding a drug test and transportation problems;

b) to investigate a phone call made to counsel by Deputy Eric Schlueter which informed counsel of Windy's past history of false allegations and drug use and to call Deputy Schlueter to testify at trial; and

> c) to file a Motion in Limine to exclude any pre-trial statements Lanning had made to Detective Corley because he had not been given a Miranda warning prior to making those statements;

(5) He received ineffective assistance of counsel during direct appeal because counsel failed:

> a) to properly present a claim regarding the Trial Court's failure to provide a file to the defense after an in-camera review; and

> b) to raise claims 1,2,3, and 7 during the direct appeal process;

(6) The motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because he presented facts that were not conclusively refuted by the record;

(7) The prosecuting attorney retaliated against him by seeking a life sentence plus sixty years because he exercised his right to a jury trial instead of choosing a plea agreement.

## IV. Discussion

*Procedural Bar: Grounds 2, 3, 4(b), 4(c), 5(a), 7*

To obtain federal habeas relief, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). To satisfy the "fairly presented" requirement, a prisoner must "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in the state court. *Abdullah v. Groose*, 75 F.3d 408, 412 (8th Cir. 1996). A claim presented to the state court that is "merely similar" to the federal habeas corpus claim fails the "fairly presented"

requirement. *Id.* Failure "'to follow applicable state procedural rules [for] raising the claims'" is a procedural default which prevents the state prisoner from raising those claims in a federal habeas action even if he had exhausted state-court remedies. *Id*. at 1151 (quoting *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)).

A state prisoner can overcome his procedural default only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Such objective factors include "showing that the factual or legal basis for a claim was not reasonably available to counsel … or that … some interference by officials," made compliance impracticable. *Id.* (quoting *Brown v. Allen*, 344 U.S. 443, 486 (1953)). In most instances, negligence on the part of a prisoner's post-conviction attorney does not qualify as cause, and prisoners are bound to the actions and inactions of their counsel. *Coleman*, 501 U.S. at 753. *See also Sweet*, 125 F.3d at 752–54. But in some circumstances a habeas petitioner may be able to show cause for failure to raise a claim of ineffective assistance of trial counsel if he can show

6

that post-conviction counsel was ineffective for failing to raise the claim. *See Trevino v. Thaler*, 133 S.Ct. 1911 (2013); *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). To establish actual prejudice, a petitioner must demonstrate that the errors "worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot establish cause and actual prejudice, he must show actual innocence to assert the fundamental miscarriage of justice exception to the procedural bar. *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *see also House v. Bell*, 547 U.S. 518 (2006); *McQuiggin v. Perkins*, 133 S.Ct. 1924 ( 2013). To meet this stringent test, the petitioner must present new evidence of innocence. *Schlup*, 513 U.S. at 316. Such a claim is only reviewable if a petitioner presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial" and that the trial was free of harmful constitutional error. *Id.*

Lanning failed to raise grounds 2, 3, 4(b), 4(c), 5(a), and 7 in the appropriate state-court proceedings. Because he has failed to show cause and prejudice or that he is entitled to the fundamental miscarriage of justice exception, he is procedurally barred from obtaining habeas relief on these claims in federal court.

In Ground 2 Lanning claims that his due process rights were violated when the judge failed to give the jury a transcript of the victim's recorded statements

during deliberations. In Ground 3, Lanning argues that his due process rights were violated by the trial court's making a prejudicial statement to the jury. In Ground 7, Lanning claims that the prosecutor retaliated against him by seeking a more severe sentence because Lanning forwent a plea bargain offer to be tried by a jury. None of these claims were raised in either his direct appeal or in his post-conviction relief motion. Lanning has not provided any reason for failing to raise these claims, and so he has failed to show any cause and prejudice to excuse the default.

Grounds 4(b) and 4(a) are claims of ineffective assistance of trial counsel. In 4(b) Lanning claims trial counsel was ineffective because she failed to investigate and call Deputy Eric Schlueter as a witness, and in 4(c) he claims she was ineffective because she failed to file a motion in limine seeking to exclude his pretrial statements on grounds that he was not given *Miranda* warnings. Lanning actually raised 4(b) in his amended post-conviction relief motion, but he did not raise it on his appeal from the denial of that motion. His failure to appeal is a procedural default, and he has not shown any cause or prejudice to excuse the default.

Lanning did not raise claim 4(c), about his statements, either on direct appeal or in his post-conviction motion. Although *Martinez* allows the ineffectiveness of post-conviction counsel to be considered cause in some

8

circumstances, Lanning cannot benefit from that exception. Lanning was not in custody when he made the statements; in fact, the authorities did not know where he was when they talked to him on the telephone. He was not prejudiced by post-conviction counsel's failure to raise this meritless claim.

In Ground 5(a), Lanning claims his direct appeal counsel was ineffective for failing to provide a Department of Family Services file to Lanning after an in camera review. While Lanning did raise this issue in his post-conviction motion, he defaulted on this claim by failing to raise it on his appeal from the denial of that motion. He has not shown cause or prejudice that would excuse this default.

To the extent Lanning may attempt to argue that he is actually innocent and that the fundamental miscarriage of justice exception should allow this court to consider these defaulted claims, the argument fails. The claim of actual innocence that will establish a fundamental miscarriage of justice must be based on new evidence. *See Schlup,* 513 U.S. at 316; *see also House v. Bell*, 547 U.S. 518, 537 (2006) ("to be credible a gateway claim requires new reliable evidence . . . that was not presented at trial"); *Kidd v. Norman*, 651 F.3d 947, 951-52 (8th Cir. 2011). Lanning's actual innocence argument cannot support this exception because it is not based on newly discovered evidence: instead Lanning merely asserts that the evidence that was presented at trial does not support his conviction. Lanning fails

to present any new evidence of his innocence, and these claims are all procedurally barred from federal habeas review.

*Remaining Claims*

Under section (d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In *Shafer v. Bowersox*, the Eighth Circuit articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A

case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

329 F.3d 637, 646-47 (8th Cir. 2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (quoting 28 U.S.C. § 2254(d)(2)) (citing 28 U.S.C. § 2254(e)(1); *Boyd v. Minnesota*, 274 F.3d 497, 501 n.4 (8th Cir. 2001)).

*Ground 1—Actual Innocence*

Although Lanning did not raise this claim before the state courts, respondent has addressed it on the merits, and so I will also. Respondent argues that Lanning's claim of actual innocence is non-cognizable in a federal habeas petition because it is solely a state law claim, relying on *Herrera v. Collins*, 506 U.S. 390, 401 (1993), which pointed out that free-standing claims of actual innocence based on newly discovered evidence have never been held to be an independent basis for federal habeas relief. More recently, in *McQuiggin v. Perkins*, the Supreme Court described the law as unresolved: "We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." 133 S.Ct. at 1931. Where, as here, a petitioner is not arguing actual innocence based

11

on newly discovered evidence, he is really only making a sufficiency of the evidence claim, which should be analyzed under the standard of *Jackson v. Virginia*, 443 U.S. 307 (1979). Under *Jackson*, a petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324. "All conflicting inferences that arise from the historical facts must be resolved in favor of the prosecution." *Nance v. Norris*, 392 F.3d 284, 290 (8th Cir. 2004).

There was more than sufficient evidence to convict Lanning of the crime. As summarized in the Factual Background set out above, testimony established that the victim had been molested by defendant. In addition to the testimony of the victim, which was entirely consistent with her previous statements to several others, and testimony from others about the circumstances surrounding their discovery of the abuse, the jury heard testimony about phone calls defendant made to the police while he had left the jurisdiction. The jury was read a transcript of one of the calls, in which defendant gave rambling and conflicting explanations about how Windy Lanning was trying to set him up. He talked at length about Windy's bad behavior, and also described his discussions with the child victim about sex and reproduction. The direct testimony of the victim, corroborated by the evidence surrounding the discovery of the abuse and the victim's previous

12

statements were sufficient for the jury to convict the defendant. But when defendant's own inconsistent and incredible statements to police are added in, the jury had more than sufficient evidence on which to find defendant guilty.

*Ground 6 – Denial of Post-Conviction Hearing*

In Ground 6, Lanning argues that the Post-Conviction Relief court erred in denying him an evidentiary hearing. This claim implicates no federal law, as Missouri Supreme Court Rule 29.15(h) governs whether a hearing should be granted for post-conviction relief. Mo. Sup. Ct. R. 29.15. Lanning's claim involves a violation of a Missouri post-conviction rule, which is "an area in which a defendant is not necessarily afforded constitutional protections." *See Smith v. Lockhart*, 882 F.2d 331,334 (8th Cir. 1989). Since this is strictly a matter of state law, it is not cognizable for habeas corpus review.

*Grounds 4(a) and 5: Ineffective assistance of counsel*

In Ground 4(a) Lanning argues that trial counsel was ineffective in cross-examining witness Windy Lanning. In Ground 5 he argues that appellate counsel was ineffective in failing to raise certain claims on appeal.

To establish a claim of ineffective assistance of counsel, a petitioner first "must establish that counsel's performance was deficient" and that the performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). There is a "strong presumption that counsel's

13

conduct falls within the wide range of reasonable professional assistance" and judges must be highly deferential to counsel's performance. *Id*. at 689. Thoroughly investigated strategic choices are "virtually unchallengeable" and decisions made after a less thorough investigation should be upheld to the extent that they are supported by reasonable judgment. *Id.* at 690-691.

A petitioner alleging ineffective assistance of counsel must also show that he or she was actually prejudiced by counsel's deficiencies. *Id.* at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial…" *Id*. To satisfy this element, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In Ground 4(a), Lanning argues that his trial counsel should have cross-examined Windy Lanning more thoroughly about her drug use, why she took a drug test, and why she waited three days to take the victim to the hospital. Both the post-conviction motion court and the Missouri Court of Appeals rejected this claim and found that counsel effectively cross-examined Windy. The Court of Appeals noted that counsel had, in fact, cross-examined Windy about her claim that she lacked transportation. It also rejected the argument about her drug use because Lanning had not established what her answers would have been or that the answers would have provided him with any viable defense. The Court of Appeals

found that counsel's actions were reasonable trial strategy. The post-conviction motion court, in its findings of fact, pointed out that counsel strategically attacked the State's case on issues they did not address during cross-examination. *See* Resp. Exh. I, p 57-59.

These conclusions were not contrary to federal law or an unreasonable determination of the facts. Counsel used Windy's history of making false reports, delayed transportation to the hospital, and missed interviews with the Child Advocacy Center to argue against her credibility in closing arguments. Though there were alternative strategies available to counsel at trial, counsel's choice to combat Windy's credibility in closing arguments rather than through cross-examination must be given great deference. Such a strategic decision is not ineffective assistance of counsel. Additionally, Lanning fails to show any reasonable probability that the result of the proceeding would have changed absent counsel's errors. Therefore, trial counsel was not ineffective on these grounds.

In Ground 5(b), Lanning alleges he received ineffective assistance from his direct appeal counsel because they failed to raise claims one, two, three, and seven on direct appeal, which, as noted above, Lanning defaulted on. Counsel cannot be ineffective for failing to raise meritless claims. *Thai v. Mapes*, 412 F.3d 970, 979 (8th Cir. 2005). None of these claims have merit, so counsel is not ineffective for failing to raise them on direct appeal.

As discussed above, there was more than sufficient evidence from which a jury could find defendant guilty, so appellate counsel's failure to raise Ground 1 was not ineffective.  And there is no evidence in the record to support the factual basis of either Grounds 2 and 3 – that the jury could not hear the victim or that the court made the statement about all the victim had gone through.  Although the jury was not provided a transcript, it was allowed to view the victim's video-taped statement during deliberations.  Lanning cannot show that either of these claims had any likelihood of being successful on appeal, and he has not shown that appellate counsel was ineffective for failing to raise them.

Lanning also claims that counsel was ineffective for failing to raise on Ground 7 on appeal.  Ground 7 alleges prosecutorial misconduct. Lanning claims that the prosecutor's recommendation of life plus sixty years was retaliatory when a pre-sentence investigation report recommended a sentence of fifteen years and the plea bargain offered to Lanning was fifteen years.  Lanning contends that the longer sentence serves as punishment for exercising his right to a jury trial.  Certainly, it is unconstitutional for a state actor to punish a person for exercising his legal rights.  *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).  However, in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Id*. at 363.  A petitioner must establish that he was not free to accept or reject the

plea offer to establish a constitutional claim. Despite the difference between the plea offer and the prescribed sentence, Lanning has not provided any evidence showing that he was not free to accept or reject the offer. The claim of prosecutorial misconduct has no merit, and counsel was not ineffective for failing to appeal a meritless claim.

## V. Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. *Id.* § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Lanning's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus [#1] is denied.

**IT IS FURTHER ORDERED** that this court will not issue a certificate of appealability.

A separate judgment in accord with this order is entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2013.