UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE LANNING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1467 CDP |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Pending before me is petitioner George Lanning's Motion for

Reconsideration of my Memorandum and Order denying his § 2254 petition and

denying him a certificate of appealability.   Although Lanning did not so specify,

since his motion seeks relief from a final order I will construe it as a motion under

Fed. R. Civ. P. 60(b).

After reviewing Smith's motion, I conclude that it must be denied.   The

Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following

the dismissal of a habeas petition, the district court should file the motion and then

conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b)

motion in fact amount to a second or successive collateral attack under either 28

U.S.C. § 2255 or § 2254.   *Boyd v. United States,* 304 F.3d 813, 814 (8th Cir. 2002).

If the district court determines the Rule 60(b) motion is actually a second or

successive habeas petition, it should dismiss the motion for failure to obtain

authorization from the Court of Appeals or, in its discretion, transfer the purported

Rule 60(b) motion to the Court of Appeals.   *Id.* at 814.

Lanning's motion raises questions regarding alleged deficiencies in the

evidence used against him and ineffectiveness of trial counsel, so it is actually an

attempt to re-litigate his habeas proceedings.   *See Blackwell v. United States*, No.

4:09CV1687 CAS, 2009 WL 3334895, at *5 (E.D. Mo. Oct. 14, 2009) (quoting

*Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) ("Under *Gonzalez*, a

60(b) motion is a second or successive petition if it in substance or effect asserts or

reasserts a federal basis for relief from the petitioner's underlying conviction")).

Because Lanning has failed to receive authorization from the Eighth Circuit Court of

Appeals before filing this motion, it must be denied.

For these reasons,

**IT IS HEREBY ORDERED** that Lanning's motion for reconsideration [#22]

is denied.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2013.

- 2 -